FILED

2023 Jan-13  AM 08:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**Western Division**

| | |
|---|---|
| **HAZEL PETTWAY, WALTER KNOX, ARCHIE K. ELLIOTT, STEPHEN D. OWENS, GEORGE BAKER, JOEY CARGILE, DANIEL MONTGOMERY, JESSICA DAVIS, MICHAEL HOLDEN, JAMES WHITE, and CHRIS MEEHAN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**R.L. ZEIGLER CO., INC. RL ZIEGLER COMPANY INC. MONEY PURCHASE PENSION PLAN, REGIONS BANK D/B/A REGIONS MORGAN KEEGAN TRUST AS THE TRUSTEE FOR THE PLAN, and W.K. FITZGERALD,**<br><br>**Defendants.** | **Case No.:**<br><br><br>**CLASS ACTION COMPLAINT** |

COME NOW Plaintiffs Hazel Pettway, Walter Knox, Archie K. Elliott, Stephen D. Owens, George Baker, Joey Cargile, Daniel Montgomery, Jessica Davis, Michael Holden, James White, and Chris Meehan ("Plaintiffs"), and file this Complaint and Class Action Complaint against Defendants R.L. Zeigler Co., Inc. (Ziegler),  RL Ziegler Company Inc. Money Purchase Pension Plan (the Plan),  Regions Bank D/B/A Regions Morgan Keegan Trust As The Trustee For The Plan (the Trustee), and W.K. Fitzgerald (Fitzgerald) (collectively "Defendants") on behalf of themselves and all others similarly situated, as described below.

### NATURE OF THE CASE

1.      Plaintiffs are vested members of the R.L. Zeigler Co., Inc. Money Purchase Pension Plan ("Plan"), a pension plan governed by the provisions of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs represent a cross-section of current and former R.L. Zeigler

Co., Inc. ("Zeigler") employees who are being denied their badly needed pension funds and information concerning their pension.

2.      Defendants jointly, severally and/or individually refuse to release vested retirement funds,[1] and they also refuse to provide any information related to these funds – including basic information like how much money is in the pension accounts.  Defendants refuse to produce plan documents as well. A justifiable and legal reason for the refusals has not been provided.

3.      Defendants have also refused to file the required public disclosures (IRS Form 5500) since 2018. Form 5500 is required by federal law in order "to report information on the qualification of the plan, its financial condition, investments and the operations of the plan."[2] This has prevented the Plaintiffs from knowing exactly where they stand as to their pension benefits.

4.      Numerous pensioners, including all Plaintiffs, have repeatedly requested payouts of their vested pension or information related to the funds in their individual accounts.  Defendants consistently refuse to pay vested pension funds and have failed to provide the requested information.   For example, Plaintiff Hazel Pettway, a 20-year employee, was involuntarily terminated. Now, over two years since her termination, Defendants still refuse to pay her vested pension for 2020 which is badly needed for financial support. This is not an isolated incident.

5.      The Zeigler pensioners have been blocked from accessing their funds or information on the balance of their accounts.  When questioned, Defendants continually employ delay tactics – by either ignoring requests, promising to produce information or promising to release funds in the coming days. As detailed below, it also appears that Defendants have failed to meet the minimum funding standards of ERISA and the Plan by failing to make timely annual

---

[1] As detailed below, Defendants initially refused to disburse any funds earned after 2019. However, it now appears that Defendants are refusing to disburse any funds.
[2] https://www.irs.gov/retirement-plans/form-5500-corner (last accessed January 3, 2023).

2

contributions.

6.      In short, Defendants have violated their duties under federal law related to the Plan, and have breached fiduciary duties inclusive of defalcation, and misrepresentation. Plaintiffs have been denied access to vested pension funds, refused basic information related to individual balances, refused access to the Plan's governing documents, and deprived access to information through required public filings related to the Plan's financial health and administration. Defendants' steadfast and egregious refusal to meet their obligations under ERISA has left Plaintiffs no choice but to file this Complaint.

## **PARTIES**

7.      Plaintiff Hazel Pettway is a former Zeigler employee, she is a resident of Wilcox County, Alabama.

8.      Plaintiff Walter Knox is a former Zeigler employee, and he is a resident of Hale County, Alabama.

9.      Plaintiff Archie K. Elliott is a former Zeigler employee, and he is a resident of Baldwin County, Alabama.

10.     Plaintiff Stephen D. Owens is a Zeigler employee, and he is a resident of Jefferson County, Alabama.

11.     Plaintiff George Baker is a former Zeigler employee, and he is a resident of Autauga County, Alabama.

12.     Plaintiff Joey Cargile is a Zeigler employee, and he is a resident of Lee County, Alabama.

13.     Plaintiff Daniel Montgomery is a Zeigler employee, and he is a resident of Tuscaloosa County, Alabama.

14.     Plaintiff Jessica Davis is a Zeigler employee, and she is a resident of Tuscaloosa County, Alabama.

15.     Plaintiff Michael Holden is a Zeigler employee, and he is a resident of Marengo County, Alabama.

16.     Plaintiff James White is a Zeigler employee, and he is a resident of Hale County, Alabama.

17.     Plaintiff Chris Meehan is a Zeigler employee, and he is a resident of Mobile County, Alabama.

18.     Defendant Zeigler is an Alabama corporation that does business in this district.  Its principal place of business is Tuscaloosa County, Alabama. Zeigler was or is the employer for each Plaintiff during the relevant time periods in question, and it was the plan administrator for the Plan.  It was completely and/or partially responsible for compliance with all applicable laws as to pension benefits for Plan participants.[3]  Zeigler is responsible for the administration of the Plan and serves as a fiduciary for Plan functions. Ziegler is stated in a summary plan description to be the plan sponsor and the plan administrator.

19.      The Defendant Plan is a pension plan established and operated in Alabama for the benefit of employees of Ziegler employees. The plan is operated by defendant Ziegler and Regions upon plaintiff's information and belief and based upon information furnished in a summary plan description.

20.     Defendant Regions is the trustee and may perform other duties for the plan administrator Ziegler given that the summary plan description permits Ziegler to request that certain other duties be performed.  The Plaintiffs are unaware of all duties that may be performed

---

[3] Any reference to "participant" or "participants" in this Complaint are meant to include both Plan participants and beneficiaries.

by Regions given that they have been denied access to the full plan document as well as other disclosures that Ziegler is required to make by law.  Regions is a necessary party for complete and full equitable relief to be accorded, given its known role as trustee of the plan.

21.     Defendant W.K. Fitzgerald is the President of Zeigler, and he is a resident of Tuscaloosa County, Alabama. Upon information and belief, in his capacity as President, Mr. Fitzgerald serves as a fiduciary and is responsible for performing actions for the plan administrator relating to fiduciary functions and administration of the Plan.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over the matters alleged herein pursuant to 29 U.S.C. §§ 1132(e)(f), 1161 *et seq.* and 28 U.S.C. § 1331.

23.     Venue is proper under 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

24.     In conformity with 29 U.S.C. §1132(h), Plaintiffs will serve the original Complaint by certified mail on the Secretary of Labor and the Secretary of the Treasury.

## FACTUAL ALLEGATIONS

**A. The Plan[4]**

25.     The Plan was established pursuant to the provisions of ERISA and is a defined contribution plan under 29 U.S.C.S. § 1002(34).  It is maintained by Zeigler to provide retirement income to employees.  At all relevant times, Defendants have each had fiduciary duties and roles regarding administration of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). They are fiduciaries of the Plan within the meaning of 29 U.S.C. § 1002(21).  They each have exercised authority or control respecting the funding, management, and /or disposition of its assets, or have had discretionary authority or discretionary responsibility in the administration of the Plan.

---

[4] Since the full Plan documents have been requested, but not provided by the Defendants, the following description is based, in part, on a 2011 Summary Plan Description. (2011 Summary Plan Description attached as Exhibit A).

26.     The Plan is a money purchase pension plan, which is a defined contribution plan where the contribution amounts are fixed, not variable. Employers are required to make annual contributions to each employee's account regardless of the company's profitability for the year. Contributions to the Plan made on behalf of the participants must be accounted for within the plan documents, and information concerning each individual's account must be furnished in accordance with federal law

The Plan is a Money Purchase Pension Plan defined contribution plan, which means that contributions to the Plan made on your behalf (and earnings) will be separately accounted for within the plan.

(Ex. A, P.13).

27.     The Plan establishes both a contribution formula and vesting schedule.  The contribution is to be made by Zeigler and is based a percentage of the participants annual compensation.  The vesting schedule is based on years of service – with participants typically becoming 100% vested after three years of employment.

28.     Participants do not have the right to direct the investment of assets. Instead, the employer is responsible for selecting the investments for the Plan. (*Id.* at 9.)

29.     The Plan states that participants may withdraw their vested pension once they are no longer working for Zeigler.  Participants may also rollover amounts held in their account with the Plan into a retirement investment such as a traditional individual retirement account (IRA). Furthermore, withdrawals of vested pension funds are allowed while still employed by Zeigler for participants reaching the age of 65 years old.

30.     Participants are entitled to the rights and protections afforded to them under ERISA. This includes receiving the full plan document, all plan amendments, information about the financial status of the Plan, a summary of the Plan's annual financial report, access for Form 5500 filings, and a statement of the amounts of each participant's individual pension benefits with

investment earnings.  The Defendants have represented in a summary plan description that they

will provide the following:

*Receive Information About Your Plan and Benefits*

1. Examine, without charge, at the Employer's office and at other specified locations, such as worksites and union halls, all Plan documents governing the Plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the Plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Employee Benefits Security Administration.

2. Obtain, upon request to the Employer, copies of documents governing the operations of the Plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated Summary Plan Description (SPD). The Employer may charge a reasonable fee for the copies.

3. Receive a summary of the Plan's annual financial report. The Employer is required by law to furnish each Participant with a copy of this Summary Annual Report.

4. Obtain, once a year, a statement of the total pension benefits accrued and the vested pension benefits (if any) or the earliest date on which benefits will become vested. The Plan may require a written request for this statement, but it must provide the statement free of charge.

(*Id* at. 17)

31.     Each Plaintiff has satisfied the eligibility requirements and is considered a

participant in the Plan.  As defined by the Plan, each Plaintiff is 100% vested.

**B. Defendants Refusal to Properly Administer the Plan.**

32.     In April 2019, Defendants issued individual account statements, presumably to all

participants, for the 2018 Plan year.  After that date, Defendants stopped sending any account

statements. Upon information and belief, this is also when Defendants began refusing to pay any

participants their vested pension funds earned after the 2018 Plan year.

33.     On January 11, 2022, almost three years since the 2018 statement, Defendant

Fitzgerald issued a memorandum to all Plan participants acknowledging that it had not issued

account information since the 2018 Plan year. (Memorandum attached as Exhibit B). The memo

also attempts to recharacterize Defendants' violation of their duty to keep account-level funding

information for all participants as simply needing to "get[] our record keeping caught up." *Id.*

# Memo

**To:**    Zeigler Pension Plan Participants

**From:**  Ken Fitzgerald

**Date:**  1/11/2022

**Re:**    Pension Plan Statements

---

I have enclosed your R. L. Zeigler Co., Inc., Money Purchase Pension Plan statement for Plan Year Ending 11/30/2019. The Vested Balance listed on your statement was the balance as of 11/30/19. As you can see, we are behind schedule providing your statement of benefits. There have been two more plan years that have ended after the date of this statement. We are in the process of getting our record keeping caught up. I hope we will receive our statements for Plan Year Ending 11/30/2020 in the next 30-45 days. Then we expect to receive our Plan Year Ending 11/30/21 statements 30-45 days later.

Important things to know about your Pension Statement:

1) The statement is AS OF 11/30/19. It does not reflect anything that has happened since 11/30/19.
2) You will see a line that starts with Money Purchase…then it has either (0% Vested or 100% Vested). This was your vesting status as of 11/30/19. You become vested in our Pension Plan after 3 plan years of at least 1000 hours of service. When you are 100% vested, the retirement funds are yours when you retire. If your statement has Money Purchase (0% Vested) that means that on <u>11/30/2019</u>, you did not have at least 3 years of service, with at least 1000 hours.
3) The next line on you statement should read: 0% NEW YORK LIFE POOLED. Do not get distracted by the 0%. That is a limitation of our Third-Party Administrators software. It is designed to display a percentage of multiple investments and our Pension Fund is all in one low risk investment.
4) Zeigler has contributed everything in your retirement fund and it is intended for retirement. You cannot withdraw any of these funds as long as you are employed by the company unless you are age 65 or older.

If you have other questions about your pension, I will be glad to answer them.

Thanks.

34.     The memorandum is a misrepresentation made in order to divert concerns away from the financial condition of the Plan and encourage ongoing employment and continued participation in the plan.  In truth it was a delaying tactic – that in a few more days the pension account information will be sent. As of January 2023, it has not.

### 1. Defendants illegal refusal to disburse pension funds.

35.     Upon information and belief, Defendants have not paid any pension funds earned

after the 2019 Plan year to the participants.  On August 18, 2022, Plaintiff Archie "Ken" Elliott

emailed Defendant Fitzgerald stating that he would like to rollover <u>all</u> his pension funds. Plaintiff

Elliott intended to rollover his funds to a traditional IRA or similar retirement account.

---

**From:** Ken and Abbie Elliott <<u>pkelliott@bellsouth.net</u>>
**Sent:** Thursday, August 18, 2022 9:15 AM
**To:** Ken Fitzgerald <<u>kenfitzgerald@zmeats.com</u>>
**Subject:** Elliott Zeigler Pension

Ken-
I wanted to reach out and request the 11/30/2020 and 11/30/2021 Zeigler pension statements. I would like to rollover all monies at the same time.  The last communication I received from you on this issue was back in April 2022 and statements were supposed to be available in about 60 days, which should have been available around the 1st of June 2022.

Thanks!
Ken Elliott

36.    In his response, Defendant Fitzgerald admits that Defendants will not allow

participants access to all their vested pension funds.

**From:** Ken Fitzgerald
**Sent:** Thursday, August 18, 2022 9:31 AM
**To:** 'Ken and Abbie Elliott'
**Subject:** RE: Elliott Zeigler Pension

Ken,
The 11/30/2020 and 11/30/2021 statements have not been published yet.  I will notify all participants as soon as the 11/30/2020 statements are published.  Those funds will be available to distribute at that time.  I expected to have them already but we don't.  I know this is frustrating.  It is for me as well.  It will not be a problem to distribute the funds that are available now (11/30/19 balance) and distribute the rest as it is available.  The funds are in the Pension Plan Trust.  The record keeping of the individual accounts is the hold up.

I'm sorry for this inconvenience.  I will do everything that I can to speed up the publishing of the 2020 and 2021 statements.

Let me know if you want to distribute the known balance as of 11/30/19.

Best Regards,

Ken Fitzgerald
R. L. Zeigler Co., Inc.
Direct: 334-410-9841

37.     There are numerous examples of Defendants' depriving the participants of their vested pension. The effect of depriving the participants of their hard-earned funds is financially devastating to the individuals.  Deprivation of information about the pension and provision of misleading information about the pension has caused much mental anguish and frustration.

38.     Plaintiff Hazel Pettway worked at the Zeigler plant in Selma for 20 years until she was terminated in a round of layoffs in December 2020.  Following her termination, Defendants refused to release her 2019 and 2020 vested pension funds. Following the January 2022 memorandum, she received pension funds for the 2019 Plan year, but she has not received her vested pension funds for 2020. To compound Plaintiff Pettway's struggles, she has been deprived of her vested pension while she was caring for a sick family member.

39.     Plaintiff Walter Knox worked at the Zeigler plant in Selma for 31 years.  When he retired in July 2021, he was owed his full vested pension.  Instead, Defendants only released Plaintiff Knox's funds through 2018.  Following the January 2022 memo, he received pension funds for the 2019 Plan year, but he has not received his vested pension funds for 2020 and 2021.

40.     Defendants' refusal to release vested pension funds does not appear to be limited to years after 2019.  In November 2022, Plaintiff George Baker requested a rollover of his pension funds up to the 2019 date.   To date, those funds have not been released. Plaintiff Baker has requested updates at least seven times related to the status of the release of funds but has been met with the same delay tactics. Upon information and belief, Defendants have now stopped all disbursements of pensions funds, regardless of the Plan year.

41.     Upon information and belief, Plaintiffs Elliott, Pettway, Knox, and Baker are representative of numerous other participants who have (1) been terminated by Zeigler, (2) retired, or (3) reached age 65 and requested, but not received, their vested pension.

42.    Due to Defendants' failure to disburse vested pension funds, participants have suffered a loss of Plan benefits, included loss pension funds and associated interest.

### 2. *Defendants refusal to provide requested information.*

43.    Defendants have also refused to provide documentation requested by Plan members. On June 6, 2021, Plaintiff Elliott sent a request for information regarding his pension funds in order to plan for retirement. The email noted that he had not received any account information since 2018.

From: Ken Elliott [mailto:kenelliott@zmeats.com]
Sent: Sunday, June 06, 2021 8:29 PM
To: Ken Fitzgerald <kenfitzgerald@zmeats.com>
Subject: Employee pension statement

Ken

My wife and I are doing some long term financial planning and I need an updated Pension balance statement. The last one I have is through 11/30/2018. I appreciate your help.

Ken E.

Defendant Fitzgerald responded by simply saying Defendants did not have 2019 and 2020 statements. He also provided an "estimate" of Plaintiff Elliott's pension account balance.

Ken Elliott

From:        Ken Fitzgerald <kenfitz@zmeats.com>
Sent:        Monday, June 07, 2021 5:41 PM
To:          'Ken Elliott'
Subject:     RE: Employee pension statement

Ken,

We do not have the 2019 or 2020 statements yet. I am working on getting them by the end of June or early July. I estimate that your balance is around $▮▮▮▮. I hope this helps.

Ken

44.    Again, on April 10, 2022, Plaintiff Elliott sent a second request for information on his pension funds, and Defendants did not respond to this request.

From: **Ken Elliott** pkelliott@bellsouth.net
Subject: **Elliott admin items.**
Date: Apr 10, 2022 at 7:08:00 PM
To: Ken Fitzgerald kenfitz@zmeats.com

Ken
I just wanted to touch base with you on a few things. <mark>I need to get a statement through 2021 on retirement pension and information on rolling over/cashing out options.</mark>
Also, I haven't received anything on the COBRA paperwork that you wanted me to sign and return.
Thanks for the help!  Have a great week.
Ken E.

Sent from Ken's iPhone

45.    As detailed above, Plaintiff Elliott sent a third request on August 18, 2022, requesting the missing pension statements.

**From:** Ken and Abbie Elliott <pkelliott@bellsouth.net>
**Sent:** Thursday, August 18, 2022 9:15 AM
**To:** Ken Fitzgerald <kenfitzgerald@zmeats.com>
**Subject:** Elliott Zeigler Pension

Ken-
<mark>I wanted to reach out and request the 11/30/2020 and 11/30/2021 Zeigler pension statements.</mark> I would like to rollover all monies at the same time.  The last communication I received from you on this issue was back in April 2022 and statements were supposed to be available in about 60 days, which should have been available around the 1st of June 2022.

Thanks!
Ken Elliott

Defendant Fitzgerald responded by stating that 2020 and 2021 have not been "published" yet.  585 days have passed since Plaintiff Elliott's first request, and Defendants have still not produced the requested and required documents.

46.    On June 28, 2021, Plaintiff Daniel Montgomery sent a request for statements related to his pension account.



Over 560 days later, Defendants have still not produced the requested and required documents.

47.     On March 6, 2021, Plaintiff Jessica Davis sent a request for her pension statements.

Defendant Fitzgerald responded by stating the "pension statements are not yet available."

**From:** Ken Fitzgerald [mailto:kenfitz@zmeats.com]
**Sent:** Tuesday, March 09, 2021 2:38 PM
**To:** Jessica Davis <jessicadavis@zmeats.com>
**Subject:** FW: Pension statement

Jessica,

I am handling the Pension benefit now.

Unfortunately the pension statements are not yet available.  It will be several weeks yet.  I can calculate an estimated balance but it will not be exact or from the trust company.  Let me know if I can help with anything.

Ken

Plaintiff Davis responded that she could wait "a few weeks."  It has been over 670 days since the

request and Defendants have still not produced the requested and required documents.

48.     On November 15, 2022, Plaintiff Baker sent a request for the balance of his pension

account. Defendant Fitzgerald responded by providing the balance through 2019, but not for the

2020 and 2021 Plan year.

On Tuesday, November 22, 2022 at 07:44:40 AM CST, Ken Fitzgerald <kenfitzgerald@zmeats.com> wrote:

George,

I have attached the forms to withdraw your pension balance.  The amount available to withdraw at this time is $██████████

We will be adding contributions at some point for the 2020 and 2021 earnings.  We have made that a priority but it still is a slow process.

Hope y'all are doing well.

Ken

---

**From:** George Baker <georgebaker112@yahoo.com>
**Sent:** Tuesday, November 15, 2022 2:11 PM
**To:** Ken Fitzgerald <kenfitzgerald@zmeats.com>
**Subject:** pension withdrawal forms

Good afternoon. Please send me forms for pension withdrawal. Also, give me a balance to roll over into an IRA.

Thanks

49.     On November 17, 2022, Plaintiff Stephen Owens sent a certified letter requesting Defendants produce the following information within 30 days:

a.      The latest updated summary plan description, the latest annual report, any terminal report, trust agreement, contract, or other instruments under which the Plan is established or operated, including the Master Plan Document.

b.      Summary of the Plan's annual financial reports.

c.       Statements for each Plan year since 11/30/2019 of the total pension benefits accrued and the vested pension benefits for me.

d.      Summary of all plan expenses and the method of payment of the expenses.

To date, Defendants have not responded to this request.

50.     Upon information and belief, Plaintiffs Elliott, Montgomery, Davis, Baker, and Owens are representative of numerous other participants who requested information from Defendants and have not received responsive documents.

### 3. Defendants failure to meet minimum funding standards.

51.     Despite claims to the contrary, it appears that Defendants have not met the minimum funding standards of the Plan or ERISA requirements. Defendants have misrepresented matters to misdirect Ziegler participants in the Plan. Defendant Fitzgerald admits that contributions have not been made to the Plan in his November 22, 2022, email to Plaintiff Baker, stating that "We will be adding contributions at some point for the 2020 and 2021 earnings."

On Tuesday, November 22, 2022 at 07:44:40 AM CST, Ken Fitzgerald <kenfitzgerald@zmeats.com> wrote:


George,

I have attached the forms to withdraw your pension balance.  The amount available to withdraw at this time is $████████

We will be adding contributions at some point for the 2020 and 2021 earnings.  We have made that a priority but it still is a slow process.

Hope y'all are doing well.

Ken

---

**From:** George Baker <georgebaker112@yahoo.com>
**Sent:** Tuesday, November 15, 2022 2:11 PM
**To:** Ken Fitzgerald <kenfitzgerald@zmeats.com>
**Subject:** pension withdrawal forms


Good afternoon. Please send me forms for pension withdrawal. Also, give me a balance to roll over into an IRA.


Thanks

52.     There are substantial additional facts that also lead to the conclusion that

Defendants have failed to meet minimum funding standards, including Defendants':

    a.    Failure to provide Summary Annual Reports to participants as required by the Plan. (Ex. A, P.17) and ERISA. These reports would include a statement as to whether minimum funding standards had been met.

    b.    Inability to provide any account level data;

    c.    Statements that they need to get "caught up" on their record keeping;

    d.    Refusal to disburse any vested funds after 2019 Plan year;[5] and

    e.    Failure to public disclose funding status as required by federal law.

As such, upon information and belief, Defendants have failed to timely meet the minimum funding standards of the pension plan required by the Plan and ERISA. Defendants are guilty of defalcation and/or fraudulent suppression regarding the Plan contributions required.

53.    Defendants had or had access to sufficient assets to fund the Plan in an amount that satisfied minimum funding standards but failed to make the contributions in timely manner.

54.    Plaintiffs further allege that assets of Defendant Zeigler are assets of the Fund.  The full plan documents should be determinative of this allegation.

55.    Due to Defendants' failure to fund the Plan, participants have suffered a loss of Plan benefits, included loss pension funds and associated interest.

## CLASS ACTION ALLEGATION

56.    Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs bring this action on behalf of themselves, and all others similarly situated. The Class is defined as any person who satisfies the following criteria:

---

[5] It now appears that Defendants are refusing to disburse any pension funds for any Plan year.

> **All participants and beneficiaries of the R.L. Zeigler Co., Inc. Money Purchase Pension Plan who commenced participation or became a beneficiary on or after December 1, 1987.**

Excluded from the Class are any individuals who are subsequently determined to be fiduciaries of the Plan, and individuals who have received all required distributions before 2019.

57.     Plaintiffs are unable to state the exact number of Class Members because that information is solely in the possession of Defendants. However, the last public filing indicates there were 195 Plan participants in 2018. Upon information and belief, the putative Class exceeds 100 members. As such, the putative Class is so numerous that joinder of all members would be impracticable.

a.     Questions of law and fact common to the Class exist and predominate affecting individual members, including *inter alia,* the following:

b.     whether the Plan is covered by ERISA;

c.     whether Defendants owed fiduciary duties to the Plan;

d.     whether Defendants breached their fiduciary duties to the Plan

e.     whether Defendants refused to allow participants to withdraw vested pension funds;

f.     whether Defendants failed to provide individual pension benefit statements to participants;

g.     whether Defendants failed to provide summary annual reports as required by the Plan;

h.     whether Defendants failed to meet minimum funding standards as required by the Plan and ERISA regulations;

i.    whether Defendants failed to provide notice of their failure to meet minimum funding standards; and

j.    whether Defendants failed to file the required public disclosures.

58.    The claims asserted by Plaintiffs in this action are typical of the claims of the Class Members because, upon information and belief, Plaintiffs' claims, and the claims of all Class members, arise out of the same Plan, conduct, policies and practices of Defendants, as alleged herein. Plaintiffs and Class Members are similarly affected by Defendants' wrongful conduct. Specifically, all Plaintiffs and all Class Members are entitled to a declaration and clarification from the Court as to rights under the plan, as to equitable relief regarding the wrongs of Defendants and as to breaches of fiduciary duty noted herein.

59.    The claims of Plaintiffs and Class Members originate from the same conduct, practice, and procedure. Plaintiffs possess the same interests and have suffered the same injuries as each Class Member. There are no individual facts which distinguish Plaintiffs from other Class Members that would prohibit them from prosecuting this lawsuit on behalf of the Class.

60.    Plaintiffs will fairly and adequately represent and protect the interest of the Class Members because they have no interest antagonistic to the Class they seeks to represent, and because the adjudication of their claims will necessarily decide the identical issues for other Class Members. There is nothing peculiar about Plaintiffs' situation that would make them inadequate as class representatives. Plaintiffs have retained counsel competent and experienced in ERISA and class action litigation.

61.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. The requirements of Fed. R. Civ. P. 23(b)(l) and (b)(2) are satisfied in that, as set forth above, prosecution of separate actions by individual members of the Class would create a

risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. Adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and would substantially impair or impede their ability to protect their interests. Additionally, Defendants have acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

62.     Plaintiffs maintain the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded, further divided into subclasses, or modified in any other way.

## COUNT ONE
### VIOLATION OF DUTY TO PROVIDE PENSION BENEFITS
### 29 U.S.C. §§ 1132(a)(1)(B)
### (on behalf of Plaintiffs Elliott, Pettway, Knox, and Baker)

63.     Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

64.     This Count is brought by Plaintiffs Elliott, Pettway, Knox, and Baker.

65.     This Count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B) for Defendants' failure to provide benefits due Plaintiffs under the Plan.

66.     Defendants are the Plan administrators or "de facto" Plan administrators or fiduciaries performing or assuming duties of "any administrator" and/or is an agent for others who had an obligation to comply with the terms of the Plan.

67.     The Plan states that participants may withdraw their vested pension once they are no longer working for Zeigler.  Furthermore, withdrawals of vested pension funds are allowed

while still employed by Zeigler for participants reaching the age of 65 years old.

68.      Plaintiffs Elliott, Pettway, Knox, and Baker have all made claims for their vested pension benefits to be paid or rolled over into a retirement account such as an IRA. Defendants have refused and/or failed to provide them.

69.      Defendants had time limits in which to make decisions regarding claims made on the pension. Those time limits have been exceeded and the claims deemed exhausted. Alternatively further exhaustion is futile given the violations of federal law and regulations and the usual and/or intransigence of Defendants to perform their fiduciary duties any action and make required contributions and pay claims. Defendants' actions or inactions are in violation of the statutory duties and/or delegated or assumed duties.

70.      Defendants have caused losses to Plaintiffs, including a loss of interest on the pension funds, in an amount to be proved specifically at trial.

**COUNT TWO**
**BREACH OF FIDUCIARY DUTIES**
**29 U.S.C. §§ 1082, 1132(a)(3)**
**(on behalf of all Plaintiffs)**

71.      Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

72.      This Count is brought by all Plaintiffs.

73.      29 U.S.C. § 1082 establishes minimum funding standards for money purchase plans that require employers to make contributions to or under the plan for the plan year which are required under the terms of the plan.

74.      29 U.S.C. § 1132(a)(3) permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of ERISA or to enforce the terms of a plan.

75.     As the employer maintaining the Plan, Defendant Zeigler was responsible for making the contributions that should have been made pursuant to 29 U.S.C. § 1082 and the Plan requirements. Defendant Regions, upon information and belief, was required to furnish part information to participants regarding those contributions and to apprise Defendant Zeigler of the need for those contributions.

76.     Defendant Zeigler has failed to make contributions in satisfaction of these minimum funding standards.

77.     Defendants had or had access to sufficient assets to fund the Plan in an amount that satisfied minimum funding standards but failed to make the contributions in timely manner.

78.     By failing to make the required contributions to the Plan, Defendant Zeigler has violated 29 U.S.C. § 1082 and the Plan.

79.     As a result of the failure of Defendant Zeigler to fund the Plan in accordance with ERISA's minimum funding standards, Plaintiffs face a substantial risk of their pension being lost or severely reduced.

**COUNT THREE**
**VIOLATION OF DUTY TO PROVIDE NOTICES AND FURNISH PLAN DOCUMENTS**
**29 U.S.C. § 1132(a)(1)(A), (a)(3) and (c) and § 1021(d)**
**(on behalf of all Plaintiffs and Class Members)**

80.     Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

81.     This Count is brought by all Plaintiffs individually and on behalf of the Class Members. Plaintiffs and Class Members are participants or beneficiaries of the Plan.

82.     This Count is brought pursuant to 29 U.S.C. §§ 1132(a)(1)(A), and (a)(3), and seeks relief provided under 29 U.S.C. §§ 1132(c) for Defendants' failure to meet the notice requirements

of 29 U.S.C. § 1021(d).

83.     Under 29 U.S.C. §§ 1021(d), if an employer maintaining a plan fails to make a required payment to meet the minimum funding standards to a plan before the 60th day following the due date of such payment, then the Plan administrator is required to notify each participant or beneficiary of such failure.

84.     Defendants are the Plan administrators or "de facto" Plan administrators and/or fiduciaries performing or assuming duties of "any administrator" and/or is an agent for others who had an obligation to provide notice required pursuant to 29 U.S.C. §§ 1021(d).

85.     As described herein, Defendants have breached these duties by failing to make the required payments to meet the minimum funding standards to the Plan before the 60th day following the due date of such payments.

86.     Defendants failed to provide notice to each participant or beneficiary of the failure to provide minimum funding in a timely manner. Defendants have failed to take these actions for several years in a row, starting at least with Plan year 2019. No procedures have been provided by Defendants to exhaust these breaches in any document furnished by Defendants, and as noted before due to defalcation, misrepresentations, and refusal to honor fiduciary duties such exhaustion is futile.

87.     Defendants' actions or inactions are in violation of the statutory duties and/or delegated or assumed duties.  Plaintiffs request that the Court award a statutory penalty for each day that the required notices have not been provided. Further Plaintiffs' request that the court provide equitable relief in the form of an injunction ordering Defendants to provide notices required by law.

**COUNT FOUR**
**VIOLATION OF DUTY TO PROVIDE PENSION BENEFITS STATEMENTS**
**29 U.S.C. §§ 1132(a)(1)(A), (a)(3) and 1025(a)(1)(A)(ii)**
**(on behalf of all Plaintiffs and Class Members)**

88.     Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

89.     This Count is brought by all Plaintiffs individually and on behalf of the Class Members. Plaintiffs and Class Members are participants or beneficiaries of the Plan.

90.     This Count is brought pursuant to 29 U.S.C. §§ 1132(a)(1)(A), and (a)(3) and seeks relief provided under 29 U.S.C. §§ 1132(c) for Defendants' failure to meet the requirements of 29 U.S.C. § 1025(a)(1)(A)(ii).

91.     Defendants are the Plan administrators or "de facto" Plan administrators or fiduciaries performing or assuming duties of "any administrator" and/or is an agent for others who had an obligation to furnish documents required by law to be furnished under 29 U.S.C. § 1132(c).

92.     Plaintiffs and Class Members do not have the right to direct the investment of assets in their accounts.

93.     Under 29 U.S.C. §§ 1025(a)(1)(A)(ii), the Plan administrator is to furnish a pension benefit statement at least once each calendar year to a participant or beneficiary who has his or her own account under the plan but does not have the right to direct the investment of assets in that account.

94.     Defendants have breached these duties by failing to produce pension benefit statements at least once each calendar year to Plaintiffs and Class Members.  No procedures have been provided by Defendants to exhaust these breaches in any document furnished by Defendants, and as noted before due to defalcation, misrepresentations, and refusal to honor fiduciary duties

such exhaustion is futile.

95.    Defendants' actions or inactions are in violation of the statutory duties and/or delegated or assumed duties. Plaintiffs request a statutory penalty for these violations, and for equitable relief in the form of an order directing Defendants to provide the required information.

**COUNT FIVE**
**VIOLATION OF DUTY TO PRODUCE REQUESTED DOCUMENTS**
**29 U.S.C. §§ 1132(a)(1)(A), and (c)**
**(on behalf of Plaintiffs Elliott, Montgomery, Davis, Baker, and Owens)**

96.    Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

97.    This Count is brought by Plaintiffs Elliott, Montgomery, Davis, Baker, and Owens.

98.    This Count is brought pursuant to 29 U.S.C. §§ 1132(a)(1)(A), and seeks relief pursuant to 29 U.S.C. §§ 1132(c) for Defendants' failure to comply with requests for information by participants.

99.    Defendants are the Plan administrators or "de facto" Plan administrators or fiduciary performing or assuming duties of "any administrator" and/or is an agent for others who had an obligation to comply with requests for information which were required by law to be furnished under 29 U.S.C. § l132(c).

100.    The Plan and 29 U.S.C. §§ 1024, 1025, and 1029 prescribes what documents must be furnished.

101.    As detailed above Factual Allegations, Defendants have breached these duties by failing to produce the information requested in writing by:

   a.    Plaintiff Elliott on June 6, 2021, April 10, 2022, August 18, 2022;

   b.    Plaintiff Montgomery on June 28, 2021;

  c.  Plaintiff Davis on March 6, 2021;

  d.  Plaintiff Baker on November 15, 2022; and

  e.  Plaintiff Owens on November 17, 2022.

None of the requested documents were provided within 30 days of receipt of these requests. No procedures have been provided by Defendants to exhaust these breaches in any document furnished by Defendants, and as noted before due to misrepresentations, and refusal to honor fiduciary duties, such exhaustion is futile.

102. Defendants' actions or inactions are in violation of the statutory duties and/or delegated or assumed duties.  Plaintiffs request a statutory penalty for these violations, and for equitable relief in the form of an order directing Defendants to provide the required information.

**COUNT SIX**
**FAILURE TO FILE ANNUAL REPORTS**
**29 U.S.C. §§ 1023, 1132(a)(3)**
**(on behalf of all Plaintiffs)**

103. Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

104. This Count is brought by all Plaintiffs.

105. 29 U.S.C. § 1132(a)(3) permits a plan participant to bring suit to obtain appropriate equitable relief to enforce the provisions of ERISA or to enforce the terms of a plan.

106. 29 U.S.C. § 1023, employee benefit plans are required to file an annual report with the Secretary of Labor. This report, submitted via a Form 5500, must include certain specified information about the plan's finances, participants, and administration.

107. Defendants failed to file an annual report concerning the Plan with the Secretary of Labor in compliance with 29 U.S.C. § 1023, or a Form 5500 and associated schedules and

attachments, which the Secretary has approved as an alternative method of compliance with 29 U.S.C. § 1023.

108.   Defendants have violated 29 U.S.C. § 1024(a) by failing to file annual reports with respect to the Plan with the Secretary of Labor in compliance with 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments. No procedures have been provided by Defendants to exhaust these breaches in any document furnished by Defendants, and as noted before due to misrepresentations, and refusal to honor fiduciary duties, such exhaustion is futile.

109.   Defendants' actions or inactions are in violation of the statutory duties and/or delegated or assumed duties. The Plaintiffs' request equitable relief in the form of an injunction ordering defendants to file such notices with the Department of Labor and to provide such notices directly to all Plaintiffs for past years and for the current year.

## COUNT SEVEN
## EQUITABLE RELIEF
## 29 U.S.C. §§ 1132(a)(1)(A)
## (on behalf of all Plaintiffs)

110.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out fully herein. To the extent necessary, this cause of action is pleaded in the alternative to the other causes of action.

111.   This Count is brought by all Plaintiffs.

112.   29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to "…enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

113.   As discussed above, Defendants have failed to administer the Plan as required by federal law and as required by the plan.  Defendants have refused – and continue to refuse – to

meet minimum funding obligations in a timely manner, refused to pay vested pension benefits, failed to file annual reports, refused to provide pension account statements, and failed to respond to requests for information or documents.  In short, Defendants have completely abdicated their duties as Plan administrators and fiduciary.

114.   Defendants have categorically refused to provide any documents related to the financial status or the administration of the Plan.  As such, Plaintiffs have no way of knowing if any additional wrongdoing has occurred.

115.   Pursuant to this provision, Plaintiffs seek orders directing Defendants to bring the Plan into compliance with ERISA, including:

    a.      The reporting, funding, and disclosure requirements of ERISA;

    b.      Compliance with 29 U.S.C. §§ 1021, 1023, 1082, and 1104; and

    c.      Remedying the numerous other violations set forth above.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court:

A.     Issue an injunction ordering Defendants to:

- meet the funding standards required by the Plan;

- pay an amount equal to the interest that would have been earned had the Defendants met the funding standards required by the Plan;

- allow eligible participants to withdraw vested pension funds;

- provide requested Plan documents and notices to participants;

- provide individual pension benefit statements to participants for every year since 2019;

- provide summary annual reports as required by the Plan;

- file the required public reports and provide a copy to all participants directly for past years and the current year; and

- immediately cease any and all breaches of their fiduciary or co-fiduciary duties and exercise reasonable care, skill, prudence, and diligence in the administration of the Plan;

B.    For an order finding Defendants jointly and severally liable either as direct fiduciaries and/or co-fiduciaries for the breaches described herein.

C.    As to:

- Count Three, for an award of $110.00 per day for each Plaintiff and Class Member for each day Defendants did not provide the notice required for the failure to meet the minimum funding standards for each year, and continuing until such time as the Court finds that Defendants have satisfactorily provided all required notice;

- Count Four, for an award of $110.00 per day for each Plaintiff and Class Member for each day Defendants did not provide the documents that they were required to provide, and continuing until such time as the Court finds that Defendants have satisfactorily provided all required documents;

- Count Five, for an award of $110.00 per day for each Plaintiff for each day Defendants did not provide the requested documents that they were required to provide, and continuing until such time as the Court finds that Defendants have satisfactorily provided all documents requested; and

D.    An order declaring this action appropriate for class certification pursuant to Rule 23(b)(l) and/or (b)(2) of the Federal Rules of Civil Procedure;

E.     For attorney's fees, expert fees, case expenses, and costs of this action; and

F.     For such other relief as may be just and proper under 29 U.S.C.§1132.


Dated: January 12, 2022                        Respectfully submitted,

                                               s/ Brad Ponder
                                               J. Bradley Ponder (ASB-0965-P56P)
                                               Luke Montgomery (ASB-3810-A55M)
                                               **Montgomery Ponder, LLC**
                                               2226 1st Avenue South, Unit 105
                                               Birmingham, AL 35233
                                               Phone: 205.201.0303
                                               Fax: 205.208.9443
                                               brad@montgomeryponder.com
                                               luke@montgomeryponder.com

                                               s/ David P. Martin
                                               David P. Martin (ASB-3500-M68D)
                                               M. Clayborn Williams (ASB-9101-A43M)
                                               **The Martin Law Group, LLC**
                                               P.O. Box 20087
                                               Tuscaloosa, AL 35402
                                               Phone (205) 343-1771
                                               Facsimile (205) 343-1781
                                               david@erisacase.com
                                               clay@erisacase.com

                                               Attorneys for the Plaintiff