IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| HAZEL PETTWAY, ET AL., | ) CASE NO. 7:23-CV-00047-LSC |
| Plaintiffs, | ) |
| R. L. ZEIGLER CO., INC. R.L. ZEIGLER COMPANY, INC. MONEY PURCHASE PENSION PLAN, and W. K. FITZGERALD, | ) SET FOR HEARING ON ) NOVEMBER 4, 2024 ) 9:30 a.m. |
| Defendants. | ) |

**[UNOPPOSED] MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF CLASS, AND ENTRY OF FINAL JUDGMENT**

Plaintiff George Baker moves this Court to enter an Order certifying the Class, approving of the parties' settlement agreement (Doc. 37-1), and for the entry of final judgment.[1][2] Defendants do not oppose the relief sought in this motion.[3][4] Following the preliminary approval of the class (Doc. 39), direct notice was provided to Class Members pursuant to the notice plan approved by the Court. No Class Member objected to the proposed settlement or the attorney's fees requested. Furthermore, there were no exclusion requests. The overwhelmingly positive response to the settlement and the fact that the settlement embodies the compromise negotiated by a well-regarded and experienced mediator provides strong support for the Court's final approval of the settlement.

---

[1] Unless otherwise defined, all capitalized terms herein shall have the same meaning as set forth in the Parties' Settlement Agreement. (Doc. 37-1.)
[2] Proposed Final Approval Order and Judgment is attached as Exhibit A.
[3] Defendants are R.L. Zeigler Co., Inc., R.L. Zeigler Company, Inc. Money Purchase Pension Plan, and W.K. Fitzgerald.
[4] Class Counsel have conferred with Defendants' Counsel concerning this motion. While Defendants do not adopt or agree with certain arguments or characterizations set forth herein, they do not oppose the relief sought.

**I.       INTRODUCTION**

The lawsuit was brought individually and on behalf of a putative class of individuals who were Participants in the R.L. Zeigler Company, Inc. Money Purchase Pension Plan (the "Plan"). Following significant discovery efforts, the Parties reached a settlement agreement with assistance and guidance of mediator Bruce F. Rogers.

On June 25, 2024, Plaintiff George Baker sought preliminary class certification and preliminary approval of the settlement agreement for Count IV.[5] (Doc. 37.) On August 2, 2024, the Court issued a Memorandum of Opinion (Doc. 38) and Order (Doc. 39) preliminarily certifying the proposed class and preliminary approving the class settlement of Court IV.

Plaintiff Baker now seeks the Court's final approval of the Settlement, which he submits is warranted, satisfying the factors set forth in Fed. R. Civ. P. 23(e)(2) and in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Settlement provides substantial economic relief to the Class Members totaling $253,700.00. No claim form is necessary to qualify for payment – all Class Members will receive an equal payment, and attorney's fees and costs will not be deducted from this amount.

The Settlement represents an excellent result for the Class in a case that was highly complex and risky. In granting preliminary approval of the settlement, the Court recognized that this case involves "complex ERISA issues" and that there is "no guarantee that the plaintiffs would prevail on their claims" at trial. (Doc. 38 at 19-20). The Court further noted that while Plaintiffs' claim substantial damages for daily penalties, such damages are "completely discretionary" and that "Plaintiffs' damages are far from certain." (*Id.*)

---

[5] Count IV arises under ERISA and alleges that Defendants failed to provide annual pension benefit statements to class members.

Plaintiff Baker also respectfully requests that the Court grant final certification to the Settlement Class under Rules 23(a) and (b)(3).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Overview of the Case and Proposed Settlement.

To avoid repetition, Plaintiff respectfully refers the Court to Sections II (Factual and Procedural Background) and III (Summary of the Proposed Settlement Terms) of his Motion for Preliminary Approval of Settlement and Preliminary Class Certification. (Dkt. No. 37, p. 2-9.)

### B.     Notice.

The notice program complied in all respects with the requirements set forth in the Order of Preliminary Approval. (Doc. 39.) Following approval of the proposed notice, the Settlement Administrator, Rust Consulting, timely mailed settlement notices to the 184 Class Members on August 23, 2024. (*See* Declaration of Sara Schwermer-Sween, ¶10, attached as Exhibit B.) Consistent with the Order, the Settlement Administrator also established a class settlement website, which contained important settlement documents, including the Settlement Agreement and related Orders. (*Id.* at ¶6.) Additionally, a toll-free number was established to allow Class Members to call with questions related to the proposed settlement. (*Id.* at ¶5.)

The Settlement Administrator performed 10 address traces on Class Notices returned as undeliverable for the first time as of October 7, 2024.  The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address.  Of the 10 traces performed, four (4) more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail.  Of the 10 traces performed, Rust did not obtain updated addresses for six (6) undeliverable Class Notices. Of the six (6) undeliverable Class Notices, Counsel provided an updated address for four (4) of the undeliverable

Class Notices and the Class Notices were promptly re-mailed. As of this date, two (2) Class Notices remain undeliverable. (*Id.* at ¶11).

Counsel for the Parties, Defendant Fitzgerald, and Plaintiff Baker assisted in locating Class Members with undeliverable Notices. (*See* Declaration of Brad Ponder, ¶16, attached as Exhibit C.) Thus, it appears that only 2 Class Members (or 1% of the total Class) have not received notice.

### C.   Reaction of Class.

The Order provided Class Members with 45 days from the date of the mailing of Notice to (1) exclude themselves from the Class, (2) object to proposed settlement, including the terms of the settlement or class counsel's fee request, or (3) file a notice of intent to appear at the Final Approval Hearing. (Doc. 39 at 7-9.) Notably, not a single member of the Class filed an exclusion request, objection to the settlement or fee request, or a notice of intent to appear. (Schwermer-Sween Decl., ¶¶14-15).

The toll-free number received six (6) messages from class members regarding the settlement. Class Counsel was able to speak with all six class members. The reaction from these Class Members was uniformly positive, and no class member expressed dissatisfaction with the proposed settlement. Most simply wanted to know if they were required to complete a claims form to receive settlement funds or if they were required to attend the Final Approval Hearing. (Ponder Decl., ¶¶ 14-15.)

### III.   Final Approval of the Settlement Warranted.

The Eleventh Circuit and courts nationwide recognize that there is a "strong judicial policy favoring settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("[p]ublic policy strongly favors the pretrial settlement of class action lawsuits").

Federal Rule of Civil Procedure 23(e) requires judicial approval of class settlements. Courts consider whether a proposed settlement is "fair, reasonable, and adequate," by specifically examining whether:

A. The class representatives and class counsel have adequately represented the class;
B. The proposal was negotiated at arm's length;
C. The relief provided for the class is adequate, taking into account:
   i. The costs, risks, and delay of trial and appeal;
   ii. The effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   iii. The terms of any proposed award of attorney's fees, including timing of payment; and
   iv. Any agreement required to be identified under Rule 23(e)(3); and
D. The proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

To assist in this examination, courts have traditionally relied on the *Bennett* factors:

1. The likelihood of success at trial;
2. The range of possible recovery;
3. The point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable;
4. The complexity, expense, and duration of the litigation;
5. The substance and amount of opposition to the settlement and
6. The stage of the proceedings at which the settlement was achieved.

*Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 434 (11th Cir. 2012) (citing *Bennett*, 737 F.2d at 986) (commonly known as the "*Bennett* factors").[6]

The Court previously considered the Settlement using the framework mandated by Rule 23(e) and related *Bennett* factors and preliminarily found it to be fair, reasonable, and adequate. (Doc. 38 at 15-23; Doc. 39 at 2.). Plaintiff is not aware of any changes since preliminary approval

---

[6] Importantly, "[t]he 2018 amendment to Rule 23(e)(2) is not meant 'to displace' the factors previously identified by courts in reviewing class action settlement agreements, but 'rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.'" *Ponzio v. Pinon*, 87 F.4th 487, 494-495 (11th Cir. 2023) (citing Fed. R. Civ. Pro 23(e)(2), Advisory Committee's Note to 2018 Amendment).

and this request for final approval. As set forth below, the Settlement still satisfies each of these factors.

### A. Adequate Representation.

As the Court found in the preliminary approval Order, the Class was adequately represented by both Class Representative and Class Counsel (Doc. 38 at 17.). Plaintiff Baker diligently prosecuted the action by reviewing the pleadings in this case, reviewing documents provided by Defendants, providing emails and other documents in discovery to substantiate his claim, and participating in a full-day mediation. Moreover, following the Court's preliminary approval, Plaintiff Baker assisted with the dissemination of class notice by searching for addresses and phone numbers of the Class Members who did not initially receive Notice. (Ponder Decl., ¶16.) Plaintiff Baker has a genuine personal interest in the outcome of this case as a participant of the pension plan who alleges that he did not timely receive annual pension benefit statements.

Additionally, as outlined in the preliminary approval motion, Class Counsel is well versed in ERISA and class actions, and has engaged in hard-fought litigation on behalf of the class members. (Doc 37 at 19-20.) The adequacy requirement of Rule 23(e)(2)(A) is satisfied.

### B. Arm's Length Negotiation.

In weighing approval of a class action settlement, a court must also ensure that the settlement is not the product of collusion and "was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B); see *Bennett*, 737 F.2d at 986. Notably, "the participation of an experienced neutral mediator gives the Court strong confidence that the negotiations were conducted in an arms-length, non-collusive manner." *In re Johnson & Johnson Aerosol Sunscreen Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2023 U.S. Dist. LEXIS 32691, *32 (S.D. Fla. Feb. 28, 2023) (citing *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 630 (11th Cir. 2015)).

As outlined in the preliminary approval motion, the Parties engaged in significant discovery and adversarial litigation for well over a year before finally reaching a resolution with the assistance of an experienced mediator. (Doc. 37 at 5-6, 20.) The Court previously found the Settlement was "not a result of collusion and was agreed upon through arm's length negotiations between experienced attorneys who are informed of and familiar with the legal and factual issues." (Doc. 38 at 17-18.).  This finding remains true.

C.	**Adequate Relief.**

When determining whether the settlement provides adequate relief, the court must weigh:

> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

*1. Costs, Risks, and Delay of Trial and Appeal.*

This factor requires the Court to balance the benefits afforded to the Settlement Class – including the immediacy and certainty of a recovery – against the significant costs, risks, and delay of proceeding with litigation. *See* Rule 23(e)(2)(C)(i). As to this factor, the continued litigation of this case would only greatly increase costs.  As the Court notice in its order of preliminary approval, "the parties have already exchanged over 1,700 discovery documents (Doc. 37 at 4), and not settling this case would only increase that production and corresponding review." (Doc. 38 at 19.) The continued litigation would also inevitably significantly delay any recovery to the Class.

This risk to the Class of continued litigation is significant. As the Court noted, there is "no guarantee that the plaintiffs would prevail on their claims" at trial.  (Doc. 38 at 19-20).  The Parties engaged in significant argument to whether a plaintiff is entitled to damages under 29 U.S.C.

§1132(c)(1) when a plan administrator fails to annually provide pension benefit statements under 29 U.S.C. §1025(a)(1)(A)(ii) and whether such an action is a breach of fiduciary duty. Defendants furthered argued that some Plan members had in fact received this information through other means. As the Court noted, even if Plaintiff's were eventually successful on liability, damages remain an unknown. (Doc. 38, at 20 (noting that such damages are "completely discretionary" and "Plaintiffs' damages are far from certain.")) Through the Settlement, Plaintiff Baker and Class Members receive a significant benefit without having to face further risk of not receiving any relief at all. This factor weighs in favor of final approval.

### 2. Effectiveness of Method of Distributing Relief to Class.

Under Rule 23(e)(2)(C)(ii), courts consider "the effectiveness of [the] proposed method of distributing relief to the class." The Settlement Agreement does not require any action by Class members to receive Settlement benefits. (Doc. 37-1, § VI, ¶2). All Class members are treated equally and will receive an equal share of the Settlement proceeds.[7] (Doc. 37-1, § V, ¶1). Checks will be mailed directly to the Class Members.

As outlined above, the distribution of Notice to Class Members was overwhelmingly successful. 182 out of 184 Class Members received notice. As such, it is reasonable to assume that the checks will have a similar success rate in reaching the Class Members. The method of distribution of relief to Class Members weighs in favor of final approval.

### 3. Terms of Proposed Attorneys' Fee.

The relief provided for the Settlement Class is also adequate when the terms of the proposed attorneys' fees are considered. The Settlement Agreement provides that attorney's fees

---

[7] To the extent any Participant entitled to recover under the Settlement is deceased and has multiple beneficiaries, the beneficiaries will each receive a copy of the Class Notice and will receive a pro rata portion (split among the eligible beneficiaries of the deceased Participate) of the amount that would have been distributed to the Participant under the Settlement Agreement had he/she been alive.

8

and costs to paid separately and not taken from the class settlement fund. (Doc 37-1, § VII, ¶¶1-2). Defendants agree not to object to an amount up to $265,000, inclusive of all fees and costs including the payment of settlement administration costs.

As outlined below, the fee and cost fund found in the settlement agreement was calculated based on actual hours and costs incurred as of the date of the mediation, and an estimation of hours and costs to be incurred through the end of the litigation, including the costs of administration of the settlement. As provided for in the Settlement Agreement, the settlement is not contingent on whether the Court awards attorneys' fees. This factor also weighs in favor of final approval of the Settlement.

*4. Any Other Agreement Between Settling Parties.*

Rule 23(e)(2)(C)(iv) requires the disclosure of any other agreements between the settling parties. In addition to the individual settlement agreement disclosed previously herein, the Parties have entered into a standard provision in the Class Settlement Agreement (Ex. 37-1, § XII, ¶4), which provides that if requests for exclusion from the Settlement Class exceeds an agreed-upon threshold, Defendants shall have the option (but not the obligation) to terminate the Settlement.

Thus, each factor identified under Rule 23(e)(2)(C) weighs in favor of approval of the Settlement.

D. **Settlement Class Members Are Treated Equitably**

The final Rule 23(e)(2) factor is whether Settlement Class Members are treated equitably.[8] This factor also weighs in favor of final approval. As the Court noted in its preliminary approval order, "the Settlement Agreement does not require any action by class members to receive

---

[8] The remaining *Bennett* Factors – 3 and 5 – also help inform this factor. *Ponzio*, 87 F.4th at 495.

settlement benefits, and all class members will receive an equal share of the $253,700.00 settlement amount."

The *Bennet* factors (3 and 5) that inform this analysis also weigh heavily in favor of approving the settlement. The 5th *Bennett* factor considers the substance and amount of opposition to the settlement. As the Court noted, "the notice process provides a period to object to the proposed settlement, up to twenty-one (21) days before the final approval hearing. Therefore, while there has been no opposition up to this point, there is a sufficient time period for any objectors to emerge." (Doc. 38 at 22.) The deadline for submitting objections and requests for exclusions, October 7, 2024, has passed. To date, no objections to the Settlement or requests for exclusion have been received. (Schwermer-Sween Decl., ¶¶14-15).

The 3rd *Bennett* factor focuses on the range of possible recovery at which a settlement is fair, adequate, and reasonable. "In determining whether a proposed settlement is fair, reasonable and adequate, the reaction of the class is an important factor." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (M.D. Fla. Dec. 20, 2005). Regarding the possible range of recover, given that penalties under 29 U.S.C. §1132(c)(1) are discretionary and may range from $0.00 per day to $110.00 per day from the date a pension benefit statement was not provided and was required to be provided, the Settlement is reasonable because it provides absolute certainty to the benefit each Class member will receive. Once again, the Class reaction to the settlement was positive and no objections or exclusion requests were filed.

For the foregoing reasons, the Court should find that the proposed Settlement meets all the relevant approval factors, and is in all respects fair, reasonable, and adequate.

**IV.     The Notice Plan Satisfies Rule 23 and Due Process.**

Notice should be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Federal Rule 23(c)(2)(B) directs the Court to provide notice to class members that is "practicable under all the circumstances." Furthermore,

> The notice must clearly and concisely state in plain, easily understood language:
>
> > (i) the nature of the action;
> > (ii) the definition of the class certified;
> > (iii) the class claims, issues, or defenses;
> > (iv) that a class member may enter an appearance through an attorney if the member so desires;
> > (v) that the court will exclude from the class any member who requests exclusion;
> > (vi) the time and manner for requesting exclusion; and
> > (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Notice satisfies all these requirements. (Doc. 37-1, § III, ¶ 3.) As the Court previously ruled that "the notice program satisfies all applicable requirements of the law, including, but not limited to Federal Rule of Civil Procedure 23(c) and the United States Constitution." (Doc. 38 at 25.)

Following preliminary approval, the notice program was executed in compliance with the requirements set forth in the Preliminary Approval Order. (*See* Schwermer-Sween Decl. (attesting the completion of the notice requirements)) The Court-appointed Claims Administrator mailed the approved notice to all class members, performed address traces on the returned notices, and worked with counsel and the Parties to locate additional addresses. (*Id.* at ¶¶10-12). The Settlement Administrator also established a class settlement website, which contained important settlement documents, including the Settlement Agreement and related Orders. (*Id.* at ¶6.) Additionally, a

11

toll-free number was established to allow Class Members to call with questions related to the proposed settlement. (*Id.* at ¶5.)

Plaintiff respectfully submits that the notice was detailed, adequate, timely, and afforded class members sufficient information and time to evaluate the settlement.

## V.     FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.

Plaintiff Baker respectfully seeks, and Defendants do not oppose, final certification of the Class preliminarily approved by the Court (Doc. 38), and defined as:

> All participants of the R.L. Zeigler Co., Inc. Money Purchase Pension Plan who were participants in the Plan or became participants on and after December 1, 2018 through present or were entitled to a pension benefit statement during that time period.[9]
>
> Excluded from the Class are Defendant Ken Fitzgerald and any member of the board of directors of Defendant R.L. Zeigler Co., Inc.

There are 184 Class Members.[10]

Nothing has occurred since preliminary approval to cast doubt on the propriety of class certification for settlement purposes, and no objections or request for exclusions have been received. As briefed in Plaintiff's Motion for Preliminary Approval (Doc. 37), all the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied, and final certification of the settlement class is appropriate.

---

[9] This definition includes beneficiaries of deceased Participants ("Eligible Beneficiaries") of the Plan who were entitled to receive a pension benefit statement. Eligible Beneficiaries includes: (1) beneficiaries who were designated by a Participant evidenced by a signed beneficiary designation form or (2) who were not designated, but were eligible to receive benefits on behalf of a participant in accordance with the terms of the Plan.  Further, to be an Eligible Beneficiary the person must have been entitled to receive a pension benefit statement following the death of the Participant because they maintained an active account in the Plan (one that held monies and gained earnings or interest).

[10] To the extent any Participant entitled to recover under this Settlement is deceased and has multiple beneficiaries, the beneficiaries will each receive a copy of the Class Notice and will receive a pro rata portion (split among the eligible beneficiaries of the deceased Participate) of the amount that would have been distributed to the Participant under the Settlement Agreement had he/she been alive.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court certify the Class and approve the Settlement as fair, reasonable, and adequate.

Dated: October 21, 2024

Respectfully submitted,

s/ Brad Ponder
J. Bradley Ponder (ASB-0965-P56P)
Montgomery Ponder, LLC
3221 M Street, NW
Upper Floor
Washington, DC 20005
Phone: 888.201.0305
Fax: 205.208.9443
brad@montgomeryponder.com

Luke Montgomery (ASB-3810-A55M)
Montgomery Ponder, LLC
2226 1st Avenue South, Unit 105
Birmingham, AL 35233
Phone: 888.201.0305
Fax: 205.208.9443
luke@montgomeryponder.com

s/ David P. Martin
David P. Martin (ASB-3500-M68D)
M. Clayborn Williams (ASB-9101-A43M)
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402
Phone (205) 343-1771
Facsimile (205) 343-1781
david@erisacase.com
clay@erisacase.com

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all Parties.

                                                                   s/ Brad Ponder
                                                                     Of Counsel