FILED
2024 Nov-05  AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| HAZEL PETTWAY, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| R. L. ZIGLER CO., INC RL ZIGLER | ) | CASE NO. 7:23-CV-00047-LSC |
| COMPANY, INC. MONEY | ) | |
| PURCHASE PENSION PLAN | ) | |
| AND W.K. FITZGERALD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

There are two unopposed motions before the Court: Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, Class Certification, and Entry of Final Judgment (Doc. 43) and Plaintiffs' Unopposed Motion for Attorney's Fees and Costs. (Doc. 44.)

On August 2, 2024, the Court conditionally certified the proposed class and preliminarily approved the proposed class settlement. (Doc. 39.) On November 4, 2024, the Court held a fairness hearing, as required by Federal Rule of Civil Procedure 23. FED. R. CIV. P. 23(e)(2). The Court has reviewed Plaintiffs' Motions, the terms proposed in the settlement agreement, the pleadings filed to this date in this matter, and representations made at the fairness hearing. Having fully considered these materials, the Court finds that the proposed class is due to be

certified and the class settlement is due to be approved. Further, the Court finds the unopposed request for attorney's fees and costs is due to be granted.

## I.   BACKGROUND

The complaint in this case contained two class-wide claims under ERISA: Count III and Count IV. (Doc. 15.) Through mediation, the parties agreed to dismiss Count III, which the Court previously approved (Doc. 38), and reached a class-wide settlement of Count IV. (Doc. 37.) Under the settlement, $253,700 will be distributed equally to the class, which is defined as:

> All participants of the R.L. Zeigler Co., Inc. Money Purchase Pension Plan who were participants in the Plan or became participants on and after December 1, 2018 through present or were entitled to a pension benefit during that time period.
> Excluded from the Class are Defendant Ken Fitzgerald and any member of the board of directors of Defendant R.L. Zeigler Co., Inc..

(*Id.* at p. 7-8.) In exchange for the cash distribution, all named Plaintiffs and class members will release all claims against the Defendants arising out of Count IV. (*Id.*)

After the Court preliminarily certified the proposed class and approved the settlement, the Settlement Administrator, Rust Consulting, mailed settlement notices to 184 class members, created a settlement website, and established a toll-free phone number for class members. (Doc. 43, p. 3.) Of the 184 notices mailed, ten (10) were returned as undeliverable. (*Id.*) However, after conducting address tracing and

leveraging counsel's assistance, all but two (2) class notices were successfully delivered.[1]

No class member selected to opt-out of the class or objected to the class settlement. (*Id*. at p. 4.) While the toll-free phone number was contacted six (6) times, none of the contact was to express dissatisfaction with the settlement or the attorney's fees. (*Id*.)

On November 4, 2024 at 9:30am, the Court held a fairness hearing. Counsel for Plaintiffs and Defendants attended, and no objectors appeared.

## II.  ANALYSIS

The Court begins with the motion to approve the class settlement and will then turn to the fee petition.

### A. FINAL SETTLEMENT APPROVAL

To approve the class settlement, the Court must certify the class for purposes of the settlement, verify the class notice satisfies the Rule, and confirm that the settlement is fair.

#### 1. *Class certification*

"In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed

---

[1] In their Motion for Final Approval of the Class Settlement, parties represent that two (2) class notices were not successfully delivered. However, at the fairness hearing, the parties represented that only one (1) class notice was not been successfully delivered.

litigation class." *In re Checking Account Overdraft Litigation*, 275 F.R.D. 654, 659 (S.D. Fla. May 24, 2011). The first step in class certification is determining whether "the proposed class is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). Next, the class must meet the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Finally, the class must satisfy "at least one of the three requirements listed in Rule 23(b)." *Little*, 691 F.3d at 1304. Here, the parties propose the class be certified under Rule 23(b)(3), which requires "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

The Court extensively considered each element of class certification before preliminarily approving the class. (*See* Doc. 38.) Specifically, the Court found the class was adequately defined and ascertainable; the class was sufficiently numerous[2]; the allegations under Count IV were based on a common occurrence and

---

[2] Upon the preliminary class certification, evidence suggested there were 178 class members. (Doc. 38, p. 9.) However, upon this final class certification, it appears there are 184 class members. (Doc. 43, p. 3.)

involved common questions of law; the class representative's claims were typical of the class's claims; the class representative and class counsel adequately represented the class; and the class satisfied the commonality and superiority requirements of Rule 23(b)(3). (*Id*.) Finding no change in these facts since conditionally approving the class, the Court hereby finds the proposed class is due to be CERTIFIED for purposes of this class settlement.

### 2. *Notice*

When a class will be certified for purposes of settlement, Rule 23 requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1)(B). The Rule clarifies it requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). The reasonableness of a class notice "is a function of anticipated results, costs, and amount involved." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977). *See Kuhr v. Mayo Clinic Jacksonville*, 530 F.Supp.3d 1102, 1114 (finding class notice was reasonable even though four of the 371 class members did not receive class notice).

When determining whether class notice satisfies the Due Process Clause, the Eleventh Circuit looks "solely to the language of the notices and the manner of their distribution." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998).

Looking at the language of class notices, the Rule specifies the notice must articulate:

(i)     the nature of the action;

(ii)    the definition of the class certified;

(iii)   the class claims, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)     that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and the binding effect of a class judgment on members.

FED. R. CIV. P. 23(c)(2)(B).

Here, when the Court preliminarily certified the class and approved the class settlement, it also found the proposed method of notice—mailing settlement notice to all class members and creating a settlement website—was the "best practicable notice under the circumstances." (Doc. 38, p. 24.) While not every class member received the mailed class notice, a vast majority of the class members did receive notice. Additionally, the parties took *reasonable* steps in the given circumstances—utilizing Defendants' records, conducting address tracing, and leveraging counsels' intel—to afford notice to all class members. Thus, the Court finds the parties satisfied the notice requirements of Rule 23.

3. *Class settlement*

Finally, the Court considers the substance of the proposed settlement. Under Rule 23, if a settlement agreement would "bind class members," the court must

consider whether the settlement is fair, reasonable, and adequate. FED. R. CIV. P.

23(e)(2). The Rule provides factors for courts to consider.

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> i.  The costs, risks, and delay of trial and appeal;
>> ii. The effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> iii. The terms of any proposed award of attorney's fees, including timing of payment; and
>> iv. Any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

*Id*. Before a 2018 amendment added those factors to the text of the Rule, the Eleventh

Circuit directed district courts to consider the following:

> (1) Likelihood of success at trial;
> (2) The range of possible recovery;
> (3) The range of possible recovery at which a settlement is fair, adequate, and reasonable;
> (4) The anticipated complexity, expense, and duration of litigation;
> (5) The opposition to the settlement; and
> (6) The stage of proceedings at which the settlement was achieved.

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011) (citing

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).

Upon preliminarily approving the class settlement, the Court extensively

assessed the fairness, reasonableness, and adequacy of the class settlement. (Doc.

38.) Specifically, the Court found (1) the class representative and class counsel

adequately represent the class; (2) the proposed settlement is the result of arm's

length negotiations; (3) the relief to the class is adequate in light of the cost of further

litigation, complexity of the legal issues, and the method of distributing relief; and (4) the settlement treats class members equitably, with all class members receiving the same amount of relief. (*Id*.) Because nothing changed after the preliminary approval of the settlement and because no objectors opposed the class settlement, the Court finds the proposed class settlement is fair, reasonable, and adequate and thus due to be APPROVED.

### B. ATTORNEY'S FEES AND COSTS

Under Rule 23, in a class action, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). Here, the Plaintiffs filed, and the Defendants do not oppose, a motion for an award of $253,560.38 in attorney's fees and $11,439.62 in costs. (Doc. 44, p. 7.) Class counsel assert they worked on the case for 554 hours and are owed $600/hour. (*Id*.) Rather than request the $332,400 they claim would be warranted, class counsel seeks a reduced attorney's fee award to comply with the terms of the class settlement. (*Id*.) The award, a total of $265,000, will be paid by Defendants, not the class. (Doc. 43, p. 9.)

#### 1. *Attorney's Fees*

Ordinarily, courts in the Eleventh Circuit follow a three-step approach in assessing attorneys' fees: first, determine whether the petitioner is entitled to attorneys' fees; second, calculate the "lodestar"; and third, adjust the "lodestar" to

8

account for results obtained. *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006). In this case, the parties agree on the specific amount of attorney's fees to be awarded. However, the Court also finds that class counsel is legally entitled to attorney's fees and that the specific award amount is reasonable.

First, class counsel is entitled to attorney's fees. Under ERISA, courts have discretion to award "reasonable attorney's fees and costs," 29 U.S.C. § 1132(g)(1), "to either party as long as the fee claimant has achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (internal citations omitted). Additionally, the Eleventh Circuit considers five factors when awarding attorney's fees on ERISA claims: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993). In this case, by obtaining some economic relief for the class members through the settlement, class counsel

"achieved some degree of success on the merits." Further, the Court finds each of the *Freeman* factors weigh in favor of awarding attorney's fees to class counsel.

Second, the requested attorney's fees are reasonable. There is a strong presumption that the "lodestar," which is the figure obtained from multiplying the number of reasonable hours by a reasonable rate, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), is a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, class counsel report having spent a total of 554 hours working on this case and argue $600 per hour is a reasonable rate. (Doc. 44, p. 7.) The Court finds that amount of time spent on the case is reasonable and that the hourly rate is comparable to other attorney's fees in the community. Thus, the Court finds the lodestar—$332,400—would be a reasonable attorney's fee. Because class counsel requests *less* than the lodestar ($253,560.38), the Court finds the request is reasonable. Thus, the Courts finds the requested attorney's fees are due to be AWARDED.

### 2. *Costs*

Courts have discretion to award costs in ERISA actions. 29 U.S.C. § 1332(g). Here, the parties agree to Defendants paying class counsel $11,439.62 for costs such

as court fees, travel expenses, and administration fees. (Doc. 44, p. 18.) The Court finds this award is reasonable and due to be AWARDED.

## III.   CONCLUSION

For the reasons provided above, the Court finds the class is due to be CERTIFIED for purposes of settlement and the class settlement is due to be APPROVED. The Court further finds the attorney's fees of $253,560.38 and costs of $11,439.62 are due to be AWARDED to class counsel. An order will be entered contemporaneously with this Opinion.

**DONE** and **ORDERED** on November 5, 2024.

L. Scott Coogler
United States District Judge

220595

11