# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **HAZEL PETTWAY, ET AL.,** | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
| **R. L. ZEIGLER CO., INC. R.L. ZEIGLER** | )   **CASE NO. 7:23-CV-00047-LSC** |
| **COMPANY, INC. MONEY PURCHASE** | ) |
| **PENSION PLAN,** | ) |
| **and W. K. FITZGERALD,** | ) |
| | ) |
|   **Defendants.** | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, an action is pending before the Court entitled *Hazel Pettway, et al. v. R.L. Zeigler Co., Inc., et al., Case No. 7:23-CV-00047-LSC* (the "Action");

WHEREAS, Defendants expressly have denied, and continue to deny, all allegations made against them in the Action;

WHEREAS, the Plaintiff George Baker and the Defendant in the Action have entered into a class action settlement agreement ("Settlement Agreement") (Doc. 37-1) intended to resolve the remaining Count IV in the Action on a classwide basis;

WHEREAS, the Settlement Agreement, together with supporting materials (collectively, the "Settlement"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action;

WHEREAS, the Court previously granted Plaintiff's Motion for Preliminary Approval of Settlement (Doc. 39);

WHEREAS, Plaintiff has moved, pursuant to Federal Rule of Civil Procedure 23, for an order finally approving the class settlement of this action in accordance with the Settlement Agreement, certifying a settlement class, and approving counsel's request for attorneys' fees and

costs, and Defendant does not oppose Plaintiff's motion; and

WHEREAS, the Court has considered all papers filed and conducted a hearing on the motion on November 4, 2024.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Final Approval Order and Judgment ("Final Judgment"), capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 29 U.S.C. §§ 1132(e)(f), 1161 et seq. and 28 U.S.C. § 1331.

3. Venue is proper in this District.

*Notice to Class Members*

4. As set forth in the declaration of Sara Schwermer-Sween, Project Manager for Rust Consulting, Inc., the appointed Settlement Administrator, the distribution of notice by mail to each individual class member was completed consistent with the Preliminary Approval Order. (Doc. 39.) The notice itself contains all of the information required by Rule 23(c)(3). The direct mail notice provided was the best notice practicable under the circumstances and satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

5. The class administrator received zero opt-outs and zero objections.

*The Settlement is Fair, Reasonable, and Adequate to Settlement Class Members*

6. Having considered all the requirements of Rule 23(e), the Court concludes that the settlement provided for by the Settlement Agreement is in all respects fair, reasonable, and adequate to all Class Members. The Court specifically concludes that (A) the class representatives and class counsel have adequately represented the class; (B) the Settlement was negotiated at arm's length and there is no evidence of fraud or collusion in reaching the settlement; (C) the relief

provided for the class is adequate (taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of the proposed award of attorney's fees, including timing of payment; and the agreements required to be identified under Rule 23(e)(3)); and (D) the Settlement treats class members equitably relative to each other. The Court also finds that the factors outlined in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) ("Bennett Factors") weigh in favor of approval of the Settlement.

7.     The Court further concludes that Class Counsel has obtained substantial information and well understands the legal issues and evidence necessary to assess the fairness of the settlement; the Parties sharply dispute the merits and Plaintiff faces substantial uncertainty in the case; the recovery of $253,700.00 is a reasonable compromise; Class Counsel and Plaintiff Baker support the settlement; and absent class members have indicated their support by not objecting or requesting to be excluded from the Settlement. The settlement is therefore approved.

*Certification of Class*

8.     The Court finds, for settlement purposes, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff Baker are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff Baker and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Action.

9. Accordingly, the Court certifies for the purpose of settlement the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All participants of the R.L. Zeigler Co., Inc. Money Purchase Pension Plan who were participants in the Plan or became participants on and after December 1, 2018 through present or were entitled to a pension benefit statement during that time period.[1]
>
> Excluded from the Class are Defendant Ken Fitzgerald and any member of the board of directors of Defendant R.L. Zeigler Co., Inc.

*Class Counsel and Attorney's Fees*

10. The Court finds that Plaintiffs' Counsel satisfy the requirements of Rule 23(g) and hereby appoints the following counsel as Class Counsel pursuant to Rule 23(g)(1):

Brad Ponder
Luke Montgomery
Montgomery Ponder, LLC
2226 1st Ave. South, Suite 105
Birmingham, AL 35233
(205) 201-0303
brad@montgomeryponder.com
luke@montgomeryponder.com

David P. Martin
M. Clayborn Williams
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402
(205) 343-1771
david@erisacase.com
clay@erisacase.com

---

[1] This definition includes beneficiaries of deceased Participants ("Eligible Beneficiaries") of the Plan who were entitled to receive a pension benefit statement. Eligible Beneficiaries includes: (1) beneficiaries who were designated by a Participant evidenced by a signed beneficiary designation form or (2) who were not designated, but were eligible to receive benefits on behalf of a participant in accordance with the terms of the Plan. Further, to be an Eligible Beneficiary the person must have been entitled to receive a pension benefit statement following the death of the Participant because they maintained an active account in the Plan (one that held monies and gained earnings or interest).

11. The petition by Class Counsel for reasonable attorneys' fees and expenses in the amount of $265,000.00 is granted.

12. The Court finds that Class Counsel's request of $253,560.38 for attorneys' fees and $11,439.62 for expenses is reasonable. Class Counsel accepted and prosecuted the Action on a contingent fee basis and undertook representation of Plaintiff and the putative class with no guarantee of recovery. The Action involved novel and complex penalty claims under the Employee Retirement Income Security Act ("ERISA") and related class action issues. Furthermore, the prosecution of this case precluded Class Counsel from accepting and working on other matters. To date, Class Counsel has not been compensated for any of their efforts or reimbursed for their expenses. Additionally, there were no objections to Class Counsel's request for attorney's fees.

13. ERISA's fee shifting provision allows for an award of attorney's fees and costs. 29 U.S.C. § 1132(g). The Court finds that Class Counsel achieved some degree of success on the merits in the Action and are entitled to an attorney's fee award. The Court further finds that $600.00 per hour is a reasonable rate for Class Counsel in case and that the time submitted reflects a reasonable number of hours expended in the prosecution of the Action.

*Distribution of Settlement Funds*

14. The Parties and the Class Administrator are directed to distribute monies as provided in Section V of the Settlement Agreement, which states, in part, as follows:

**V.    DISTRIBUTIONS FROM THE SETTLEMENT FUND**

    1. **Payments to Class Members.** Payments to Class Members for Count IV of the Complaint shall be the Settlement Amount equally divided to each class member who does not seek to be excluded from the class. To the extent

the Class Member is a beneficiary of a deceased Participant of the Plan and was entitled to receive a pension benefit statement by virtue of maintaining an active account in the Plan (one that held monies and gained earnings or interest) during the time period set forth in Section I(A) of this Agreement, and there were multiple beneficiaries for a Participant (either designated by the Participant or who were eligible for a distribution in accordance with the terms of the Plan), those Class Members shall receive a pro rata distribution of the Settlement Amount (split among the eligible beneficiaries) of the amount that would have been distributed to the Participant under this Agreement had he/she been alive.

2. **Unclaimed Funds:** Any funds that remained undelivered after reasonable efforts by the Settlement Administrator, shall be distributed on an equal basis to all Class Members that received and cashed checks in the prior distribution so long as the cost of distribution of such benefits does exceed the amount to be distributed, in which case such amount shall be paid to the charity United Way of West Alabama.

3. **Tax Expenses Before the Effective Date.** Until the Final Order becomes Non-Appealable or the Settlement is terminated in accordance with this Agreement, Class Counsel will be authorized to pay from the Settlement Fund (a) any actual or estimated taxes on any income earned on the Settlement Fund and, (b) all costs and expenses related to the preparation of such tax filings or payments. Any dispute regarding the reasonableness of any expense incurred, paid, or owing will be adjudicated by the Court, but

in no event will the Settling Parties cause or allow the Settlement Fund to fail to make a tax payment in a timely manner.

4. **Tax Reserve After the Effective Date**. Upon the Final Order becoming Non-Appealable, Class Counsel will be authorized to establish a reserve from the Settlement Fund to pay any taxes that are or will be owed (but not yet due) and for expenses related to payment of taxes or filing of tax returns or to the extent that there are other costs of administration of the Settlement.

(Doc. 37-1.)

*Final Judgment and Release*

15. Class Members shall be barred from asserting any released claims against released parties and any such Class Member shall be conclusively deemed to have released any and all such claims against the released parties.

16. Upon this Order becoming Non-Appealable, and provided that each Party has performed all of the respective obligations under this Settlement Agreement to be performed on or prior to such date by such Party:

**Release of the Released Parties by the Class.** In consideration for the Settlement Consideration and other consideration described herein, the Class Representative, and the Class Members and/or assigns will dismiss with prejudice the Class claims asserted in the Amended Complaint against Defendants and agree to forever release Defendants and Defendants Related Parties from liability for these claims, including but not limited to claims based upon the same factual predicate alleged in the Class claims in the Amended Complaint. This includes any claim for attorneys' fees, costs, expenses under ERISA.

Notwithstanding the foregoing, Plaintiffs and the Class are not releasing (A) any claims to enforce the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement or (B) individual claims for benefits pursuant to the terms of the Money Purchase Pension Plan documents.

*Other Provisions*

17. Nothing in this Final Approval Order and Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Defendants or any party of any fault, liability, or wrongdoing of any kind whatsoever.

18. All necessary notices have been provided pursuant to 28 U.S.C. § 1715.

19. This action is hereby dismissed with prejudice and without taxable costs to the parties.

20. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over implementation of the settlement, disposition of the Settlement Amount, and enforcement and administration of the Settlement Agreement.

**DONE** and **ORDERED** on November 5, 2024.

L. Scott Coogler
United States District Judge

220595